# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NOKOTA PACKERS, INC., ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:13-cv-1788 |
| ) | |
| AGRI-SALES, INC. and MICHAEL Z. ) | Hon. Ronald A. Guzman |
| HUGHES, each individually, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR ENTRY OF JUDGMENT

Nokota Packers, Inc. (the "*Plaintiff*"), by and through its undersigned counsel, hereby moves (the "*Motion*") this Honorable Court, based upon the Court's findings in its order dated December 5, 2013 (the "*Order*") [D.E. #31] , for entry of an order granting judgment in favor of the Plaintiff and against Agri-Sales, Inc. (the "*Company*") and Michael Z. Hughes ("*Hughes*" together with the Company, the "*Defendants*"), jointly and severally, in the amount of $71,454.15, plus further interest. In support of this Motion, the Plaintiff states as follows:

## BACKGROUND

1.  On March 7, 2013, the Plaintiff filed its complaint (the "*Complaint*") and initiated the above styled civil action [D.E. #1].

2.  On April 18, 2013, the Defendants filed their Answer in the above styled civil action [D.E. #8].

3.  On August 28, 2013, the Plaintiff filed its Motion for Summary Judgment (the "*Summary Judgment Motion*") and related pleadings [D.E. #23 - #25].

4.  On September 18, 2013, the Defendants filed their Response in Opposition to the

Plaintiff's Motion for Summary Judgment (the "*Response*") and related pleadings [D.E. #27 – #28]. Although the Response did not make specific allegations or arguments as to the total amount of principal and interest due and owing, the affidavit in support of the Response contained several statements which related to credits the Defendants asserted were due as a result of price adjustments and payments.

5.  On October 2, 2013, the Plaintiff filed its Reply in Support of the Motion for Summary Judgment (the "*Reply*") [D.E. #30]. As part of its Reply, the Plaintiff credited the Defendants with all price adjustments and payments, save for an alleged adjustment to invoice 35903 of which the Plaintiff has no knowledge or record and of which the Defendants were unable to produce any evidence. *See* Reply at pg. 9-10; Affidavit of Michael Hughes in Support of Defendants' Response to Plaintiff's Statement of Uncontested Facts ¶ 18 [D.E. #28]. Based on these credits and adjustments, supported by the Affidavit of Steve Tweeten attached to the Reply, the Plaintiff filed a revised PACA trust chart (the "*Revised Chart*") calculating the principal, interest (on a balance forward basis), and attorneys' fees as totaling $92,788.39.

6.  On December 5, 2013, the Court issued the Order which denied the Summary Judgment Motion based upon an issue of fact related to the medical history of defendant Hughes, specifically with respect to the Plaintiff's right to collect attorneys' fees. However, the Court did hold that the interest term of 1.5% per month was incorporated into the parties' contracts. *See* Order at p. 8. The Court made no specific holding as to whether the Defendants are liable on the relevant invoices because, as the Defendants admit, they are liable for payment on the invoices as a result of their PACA violations. *See* Defendants' Answer to Plaintiff's Statement of Uncontested Facts ¶¶ 21-30 [D.E. #27].

FREEBORN & PETERS LLP
JASON R. KLINOWSKI, ESQ.
311 SOUTH WACKER DRIVE, SUITE 3000
CHICAGO, ILLINOIS 60606
TEL: (312) 360-6000 · FAX: (312) 360-6570

7. On February 19, 2014, the Court held a continued status hearing at which counsel for the Plaintiff agreed to withdraw any claim for attorneys' fees and request judgment solely for principal and interest, based upon the findings in the Order and the Defendants' admissions.

**ARGUMENT**

8. In its Order, the Court found that the sole issue of genuine material fact was with respect to the Plaintiff's attorneys' fees provisions listed on the invoices issued to the Defendants. As stated in open court on February 19, 2014, the Plaintiff is willing to withdraw its claim for attorneys' fees for the sole purpose of saving the costs of further litigation.

9. As stated above, the Defendants do not dispute that they are liable for their PACA violations and, in fact, admit liability as to Counts I-V of the Complaint. In their Response, the Defendants disputed the total amount due and owing on the relevant invoices, asserting certain credits and price adjustments set forth in the affidavit in support of the Response.

10. In the Plaintiff's Reply, it credited the Defendants with each and every price adjustment it asserted save for an alleged adjustment to invoice 35903 of which the Plaintiff has no knowledge or record, and of which the Defendants were unable to produce any evidence. Furthermore, the Plaintiff calculated the total interest due on a balance forward basis, meaning the Plaintiff accounted for payments made, as of the date of such payments, in the calculation of the interest due.

11. The Revised Chart asserted a total trust amount due of $92,788.39, as of October 2, 2013. After deducting the asserted attorneys' fees and costs, $20,089.81, from the total trust amount in the Revised Chart, the Plaintiff has a total claim, as of October 2, 2013, of $71,454.15 representing total principal and pre-judgment interest.

12. In support of its damages calculation, Plaintiffs attach a revised chart hereto as

FREEBORN & PETERS LLP
JASON R. KLINOWSKI, ESQ.
311 SOUTH WACKER DRIVE, SUITE 3000
CHICAGO, ILLINOIS 60606
TEL: (312) 360-6000 · FAX: (312) 360-6570

Exhibit A. The attached chart (top chart) illustrates the damages (principal + interest) from the date payment was due on each of the unpaid invoices until the Plaintiff received the first payment toward said invoices from the Defendants on June 18, 2012. The second chart (bottom chart) illustrates a balance forward calculation based on the total amount due on all invoices on June 18, 2012 carried forward from payment date to payment date until the filing of Plaintiff's revised chart in its Reply in Support of Plaintiff's Motion for Summary Judgment, which occurred on October 2, 2013. Simply put, Exhibit A illustrates the amounts due at the time the court considered the Plaintiff's Motion for Summary Judgment and all related pleadings.

13. Thus, with the attorneys' fees demand withdrawn and all proper credits and adjustments being deducted from the total amount claimed, there are no further genuine issues of material fact and, accordingly, the Plaintiff is entitled to entry of judgment on Counts I-V in the amount of $71,454.15, plus further pre-judgment and post-judgment interest.

14. The Plaintiff reserves the right to proceed with its claim for attorneys' fees in the event this Motion is not granted in its entirety.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order granting Judgment in favor of the Plaintiff and against the Defendants on Counts I-V of the Complaint, on a joint and several basis, in the amount of $71,454.15, plus further pre-judgment and post-judgment interest, and granting such other and further relief as this Court deems just and proper.

Dated: March 5, 2014

Respectfully submitted,

NOKOTA PACKERS, INC.

/s/ Jason R. Klinowski
Jason R. Klinowski, Esq. (No. 6283266)
Elizabeth L. Janczak, Esq. (No. 6302864)
FREEBORN & PETERS LLP

MOTION FOR ENTRY OF JUDGMENT

FREEBORN & PETERS LLP
JASON R. KLINOWSKI, ESQ.
311 SOUTH WACKER DRIVE, SUITE 3000
CHICAGO, ILLINOIS 60606
TEL: (312) 360-6000 · FAX: (312) 360-6570

311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Tel.: 312.360.6536
Fax: 312.360.6574
jklinowski@freeborn.com
ejanczak@freeborn.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Entry of Judgment, along with any and all exhibits thereto and supporting memorandums and affidavits, if any, was filed and served upon all counsel of record properly registered with the Court's CM/ECF system this 5th day of March 2014.

Dated: March 5, 2014                /s/ Jason R. Klinowski
                                     Jason R. Klinowski, Esq. (No. 6283266)
                                     FREEBORN & PETERS LLP
                                     311 South Wacker Drive, Suite 3000
                                     Chicago, Illinois 60606
                                     Tel.: 312.360.6536
                                     Fax: 312.360.6520
                                     jklinowski@freeborn.com
                                     *Attorney for Plaintiff*

3046442v1/29198-0001

MOTION FOR ENTRY OF JUDGMENT

FREEBORN & PETERS LLP
JASON R. KLINOWSKI, ESQ.
311 SOUTH WACKER DRIVE, SUITE 3000
CHICAGO, ILLINOIS 60606
TEL: (312) 360-6000 · FAX: (312) 360-6570